IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN H. KITCHINGS, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-871-LPS |
| | : |
| ICF CONSULTING GROUP, et al., | : |
| | : |
| Defendants. | : |

John H. Kitchings, Jr., Esquire, Croften, Maryland, Pro Se Plaintiff.

Lauren Elizabeth Moak and William W. Bowser, Esquires, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

July 18, 2011
Wilmington, Delaware

*Leo P. [signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff John H. Kitchings, Jr. ("Plaintiff"), an attorney who proceeds pro se, filed this civil action raising numerous claims including employment discrimination, violations of the Equal Pay Act, and supplemental State claims. (D.I. 1, 10) Presently before the Court are numerous motions filed by the parties. (D.I. 16, 18, 21, 23, 42, 43, 44, 45, 46, 47) The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. For the reasons discussed below, the Court will grant in part Defendants' Laurence M. Rose and F. Michael Gray's Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction and Defendant ICF Consulting Group, Inc.'s Motion to Dismiss for Improper Venue and will order the action transferred to the United States District Court for the Eastern District of Virginia. (D.I. 16, 23)

## II. BACKGROUND

The Complaint alleges employment discrimination by reason of race and gender, in violation of Title VII, 42 U.S.C. § 2000e, as well as 42 U.S.C. §§ 1981, 1981A, and 1988; violations of the Equal Pay Act, 29 U.S.C. § 206(d), as governed by the Fair Labor Standards Act, 29 U.S.C. § 216(b); and supplemental state claims pursuant to Delaware Law. Plaintiff resides in Maryland and has named as defendants ICF Consulting Group, Inc. ("ICF"), a Delaware corporation, with its principal place of business in Fairfax, Virginia; F. Michael Gray ("Gray"), Vice-President of Contracts for ICF and a resident of Maryland; and Laurence M. Rose ("Rose"), Vice-President of Contracts for ICF and a resident of Virginia. (D.I. 10, 17)

1

The Complaint alleges that Plaintiff was an employee of ICF and worked with Rose and Gray at ICF corporate headquarters in Fairfax, Virginia. (D.I. 10 at ¶¶ 5, 6, 12, 15, 18) Plaintiff's employment was terminated on June 10, 2009. Plaintiff recently advised the Court of his "Collective Action Filing" in the United States District Court for the Eastern District of Virginia against ICF, in which Plaintiff raises claims for violations of the Equal Pay Act, 29 U.S.C. § 206(d). (D.I. 50)

Defendants move to dismiss for improper venue or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia. (D.I. 16, 23) In addition, Rose and Gray move to dismiss for lack of personal jurisdiction. (D.I. 16) Plaintiff opposes the motions.

### III. MOTIONS TO TRANSFER

#### A. Standard of Review

A court may dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The court must determine whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue. *See Albright v. W.L. Gore & Associates, Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002). Venue generally must be established for each separate claim in a complaint. *See Stein v. Chemtex Int'l, Inc.*, 2004 WL 722252 (D. Del. Mar. 31, 2004). The moving party has the burden of proving that venue is improper. *See id.* (citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)).

#### B. Discussion

Defendants move for dismissal pursuant to 28 U.S.C. § 1406(a) or, in the alterative, move for transfer to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

1. **28 U.S.C. § 1406(a)**

If a case is filed in the wrong court, § 1406(a) allows a court either to dismiss an action for improper venue or transfer it to another district in which the action could have been brought. *See* 28 U.S.C. § 1406(a). The section specifically provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

2. **28 U.S.C. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

Under § 1404 the burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F.Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded a plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *See Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008);

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

In considering a motion to transfer under § 1404, "there is no definitive formula or list of factors." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). However, the Third Circuit has identified potential private and/or public interests to be considered. *See id.* The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *See id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See id.*

### 3. <u>Transfer</u>

Plaintiff asserts venue is proper pursuant to 28 U.S.C. § 1391(b), on the basis that ICF is incorporated in the State of Delaware and subject to the laws of Delaware. ICF also assertedly has "substantial contacts" to this jurisdiction. With regard to Rose and Gray, Plaintiff asserts that

they are officers of ICF and are subject to Delaware laws under the "internal affairs doctrine."[1] Defendants move for transfer under several theories, including that venue in a Title VII action is subject to the specific venue provisions of 42 U.S.C. § 2000e-5(f)(3).

Plaintiff's Complaint alleges employment discrimination based on race and gender in violation of Title VII. Section 2000e-5(f)(3) provides that a Title VII action may be brought in: (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. *See* 42 U.S.C. § 2000e-5(f)(3). Courts have determined that, for Title VII claims, Congress intended to "limit venue to the judicial district concerned with the alleged discrimination." *Stebbins v. State Farm Mut. Auto Ins., Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969).

Here, the alleged unlawful employment practice occurred in Fairfax, Virginia; the business records are located at ICF's corporate headquarters in Fairfax, Virginia; Plaintiff would have worked in Virginia but for the alleged employment discrimination; and ICF's principal place of business is located in Fairfax, Virginia. Hence, with regard to the Title VII claims, venue is not proper in the District of Delaware. The only proper venue is the Eastern District of

---

[1] "The internal affairs doctrine requires that the law of the state of incorporation should determine issues relating to internal corporate affairs." *McDermott Inc. v. Lewis*, 531 A.2d 206, 215 (Del. 1987).

Virginia. Accordingly, the Court will transfer the case to the appropriate district "in the interests of justice."

In addition, transfer under § 1404 is appropriate when viewing all the *Jumara* factors. The alleged facts giving rise to the complaint occurred in Virginia. While Plaintiff is not a resident of Virginia, neither is he a resident of Delaware, and he and has no connection to Delaware. The Eastern District of Virginia is a more convenient forum. Documents, witnesses, and evidence are located there. In addition, Plaintiff recently filed a companion Equal Pay Act complaint in the Eastern District of Virginia. It will be more efficient and less expensive to litigate the dispute in the Eastern District of Virginia, rather than Delaware.

## IV. **CONCLUSION**

For the above reasons, the Court will grant in part Defendants' Laurence M. Rose and F. Michael Gray's Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction as well as Defendant ICF Consulting Group, Inc.'s Motion to Dismiss for Improper Venue, will order the action transferred to the United States District Court for the Eastern District of Virginia, and will deny without prejudice to renew to all other pending motions.

An appropriate Order follows.